# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 8, 2024
Lyle W. Cayce
Clerk

No. 24-20072

Keldra Gaines,

*Plaintiff—Appellant*,

versus

Walgreens Company, *doing business as* Walgreens #11465; Walgreens National Corporation; Walgreens Specialty Pharmacy, L.L.C.,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-2070

_____

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Keldra Gaines slipped and fell at a Walgreens store. The store had a wet floor sign posted within arm's reach of the hazard. Before the district court and on appeal, Gaines contends that the signs pointed her *toward* the hazard instead of *away* from it. She cites no authority

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20072

or facts that support such an interpretation of an obvious warning sign. We affirm the district court's summary judgment dismissing the complaint.

I.

Gaines entered the Walgreens store and began browsing. She went to the cooler aisle for a drink. There, she admits she saw a wet floor sign but stepped right onto the wet floor. The record demonstrates that Gaines fell within three to five feet of the plain warning sign.

Nevertheless, Gaines sued Walgreens in Texas state court, asserting premises liability claims. Walgreens removed on diversity grounds and eventually moved for summary judgment, which the district court granted. Gaines timely appealed.

II.

We review a district court's grant of summary judgment *de novo*. *Sims v. City of Madisonville*, 894 F.3d 632, 637 (5th Cir. 2018). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Sims*, 894 F.3d at 637 (cleaned up).

In Texas, an injured plaintiff must establish four elements to prevail on a premises liability claim against a property owner: "(1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injur[y] to the [plaintiff]." *Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014). "If the evidence conclusively

establishes that the property owner adequately warned the injured party of the condition, then the property owner was not negligent as a matter of law." *Id.* at 252. Texas courts have generally held that a wet floor sign provides an adequate warning when the sign is placed in the vicinity of the hazard and gives reasonable notice of the hazard. *See Golden Corral Corp. v. Trigg*, 443 S.W.3d 515, 519–20 (Tex. App.—Beaumont 2014); *Cruz v. W.H. Braum, Inc.*, No. 21-40477, 2022 WL 325469, at *3 (5th Cir. Feb. 3, 2022).

The district court granted summary judgment because it held that Walgreens adequately warned Gaines of the wet floor. On appeal, Gaines has not cited any authority to the contrary. Because Walgreens adequately warned Gaines of the wet floor by placing a sign three to five feet from the hazard, Gaines cannot recover as a matter of law.

### III.

In sum, Walgreens was not negligent because it provided Gaines with an adequate warning. Accordingly, the judgment of the district court granting summary judgment is, in all respects,

AFFIRMED.